UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re:

    Victoria Ophidian Bohland,              Case No. 19-21399-beh
    *dba* The Heavens Above,

                    Debtor.              Chapter 7

**MEMORANDUM DECISION ON CHERYL E. ATKINS' MOTION TO LIFT THE AUTOMATIC STAY AND DEBTOR'S REQUEST TO VOID LIEN**

    The *pro se* debtor, Victoria Ophidian Bohland, filed her Chapter 7 petition on February 25, 2019. Cheryl E. Atkins moved for relief from the automatic stay regarding the debtor's real property located at 1814 Jefferson Street, Two Rivers, Wisconsin (the "Property"), and the debtor objected. The parties filed briefing on the matter, the Court held a hearing on May 1, 2019 and took the matter under advisement. After a full consideration of the circumstances and for the reasons set forth below, the Court grants Ms. Atkins' request for relief from the stay.

## JURISDICTION

    The Court has jurisdiction under 28 U.S.C. § 1334 and the Eastern District of Wisconsin's July 16, 1984, order of reference entered pursuant to 28 U.S.C. § 157(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(G). The following constitutes the Court's findings of fact and conclusions of law under Fed. R. Bankr. P. 7052.

## FACTUAL BACKGROUND

    Much of the factual recitation below is taken from the parties' filings on the motion for relief from stay. The pro se debtor did not submit her purported factual assertions opposing the motion via affidavit. Nonetheless, for purposes of resolving this motion, the Court will accept as true at least the material facts.

Debtor was the sole member of Heavens Above, LLC (the "LLC"), which had as its only asset the Property. The Property was operated, or was intended to be operated, as a bed and breakfast. In 2016, Ms. Atkins either loaned money to the LLC or invested in the LLC. Regardless, the relationship between the parties soured, and in 2017 Ms. Atkins sued Heavens Above in Manitowoc County Circuit Court, alleging breach of contract, unjust enrichment, deprivation of property rights, and a right to punitive damages.

The circuit court entered default judgment in favor of Ms. Atkins in the amount of $135,378 AUD plus costs, and denied a motion to vacate the default judgment based on an asserted lack of service.[1] The judgment was docketed on September 27, 2019. CM-ECF Doc. No. 17 p. 66. In late 2018, the Wisconsin Court of Appeals affirmed denial of the motion to vacate. CM-ECF Doc. No. 19 p. 59 et seq. Ms. Atkins then attempted to recover her judgment against Heavens Above by obtaining an order for execution against property, dated January 11, 2019. CM-ECF Doc. No. 17 p. 66. But Heavens Above transferred the Property to the debtor via quit claim deed on February 22, 2019, CM-ECF Doc. No. 22-2, p.5. The debtor filed her Chapter 7 bankruptcy petition on February 25, 2019. At least as of the time of filing her petition, debtor listed the Property as her residence.

On her Schedule A/B, debtor listed the value of the Property as $194,300. CM-ECF Doc. No. 11 p.3. Her Schedule C exempted $75,000 of the value of the Property, per Wis. Stat. § 815.20. *Id.*, p.13.[2] Her Schedule D listed Ms. Atkins' judgment against the Property in the amount of $116,587.99 USD. *Id.* p. 15.

On March 12, 2019, the Chapter 7 trustee filed a notice of proposed abandonment of the Property, asserting that the Property is burdensome to the estate, is of inconsequential value, is not insured and the estate lacks

---

[1] In denying the motion to vacate the default judgment, the circuit court agreed to amend the judgment amount to reflect a debt based on funds lent in Australian, not U.S., currency, as alleged in the complaint. CM-ECF Doc. No. 17, pp. 53-54.

[2] Debtor filed an amended Schedule C on April 18, 2019, but did not adjust her estimated value of the Property or her $75,000 exemption. CM-ECF Doc. No. 21.

funds to provide insurance. CM-ECF Doc. No. 15. There were no objections, and on May 4, 2019, the trustee abandoned the Property. CM-ECF Doc. No. 31. On May 21, 2019, the Chapter 7 trustee issued her report of no distribution, asserting that the estate has been fully administered. No one filed a timely objection to the debtor's discharge, and the debtor's personal liability on claims is scheduled to be discharged.

Not long before the Chapter 7 trustee abandoned the Property, Ms. Atkins filed her motion for relief from stay under 11 U.S.C. section 362(d)(1), arguing under Wisconsin statutes that the Property was fraudulently conveyed in an attempt to avoid creditors and the bankruptcy petition was filed in bad faith for the sole purpose of preventing collection efforts. CM-ECF Doc. No. 17, filed April 8, 2019. Moreover, Ms. Atkins asserts that the debtor "made a conscious decision to transfer property from the LLC to her, thinking she could avoid collection. The bankruptcy petition was filed for no other reason, but to keep assets out of the LLC and into her name, considering the judgment is against the LLC."

In response, the debtor denied that any fraudulent act occurred in transferring the Property. CM-ECF Doc. No. 22. Debtor included within the text of her objection to the motion for relief from stay a "motion to void lien," asserting that the state court judgment in Ms. Atkins' favor impaired debtor's ability to seek the full $75,000 exemption under Wis. Stat. § 815.20. *Id.*, p. 3.[3] In reply, Ms. Atkins maintained her request for relief from stay and contended that because the Property was not homestead property at the time the judgment lien was recorded against it, debtor's request to "void the lien" should be denied.

## DISCUSSION

The commencement of a case under Chapter 7 of the Bankruptcy Code creates a bankruptcy estate. 11 U.S.C. § 541(a). This estate includes all legal or equitable interest of the debtor in property as of the commencement of the

---

[3] Debtor's cover correspondence states she is filing a "Response to Motion to Lift the Automatic Stay," but has crossed out "Motion to Avoid Lien." CM-ECF Doc. No. 22 p.4.

case. 11 U.S.C. § 541(a)(1). Section 362(a) of the Code provides protections to property of the estate by staying certain actions against property of the estate. 11 U.S.C. § 362(a)(2)-(4). Of particular relevance to this motion, the protections afforded under Section 362(a) as to property of the estate continue until the property is no longer property of the estate. 11 U.S.C. § 362(c)(1).

Here, the Property in Manitowoc is no longer property of the estate. The Chapter 7 Trustee has abandoned it, without objection.

Although the Property is no longer property of the estate, Section 362(a) continues to stay actions against the debtor and her property until the earlier of the case closing, or dismissal, or the time at which her discharge is granted or denied. 11 U.S.C. § 362(c)(2). Therefore, the automatic stay applies as to Ms. Bohland and her property, and the Court then must consider the balance of Ms. Atkins' request to lift the stay.

### 1. The request to lift the stay.

Section 362(d) of the Bankruptcy Code provides that the court shall grant relief from the stay "for cause, including the lack of adequate protection of an interest in property of such party in interest," § 362(d)(1), or, with respect to a stay of an act against property, if "(A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization," § 362(d)(2)[4]. The party requesting relief from stay has the burden of proof on the issue of the debtor's equity in property, while the debtor bears the burden of proof on all other issues. 11 U.S.C. § 362(g).

Section 362(d)(1), the specific basis raised by Ms. Atkins, identifies only one example of cause: lack of adequate protection. Otherwise, "'[c]ause' as used in § 362(d) has no clear definition and is determined on a case-by-case basis." *Matter of Fernstrom Storage & Van Co.*, 938 F.2d 731, 735 (7th Cir. 1991) (internal quotation marks omitted). In determining whether cause exists

---

[4] Under section 362(d)(2), the determination of "necessity for an effective reorganization" is inapplicable in a chapter 7 liquidation. *See Matter of Vitreous Steel Prod. Co.,* 911 F.2d 1223, 1232 (7th Cir. 1990) ("Because this is a liquidation under Chapter 7, there will be no reorganization. The only question faced by the bankruptcy court, then, was whether the debtor had equity in the property.")

under section 362(d)(1), the court may consider factors including "interference with the bankruptcy, good or bad faith of the debtor, injury to the debtor and other creditors if the stay is modified, injury to the movant if the stay is not modified, and the proportionality of the harms from modifying or continuing the stay." *In re Milne*, 185 B.R. 280, 283 (N.D. Ill. 1995). *See also In re Morrow,* 495 B.R. 378 (Bankr. N.D. Ill. 2013).

After considering the relevant circumstances, the Court concludes that there is cause to grant Ms. Atkins relief from the stay. Lifting the stay will not interfere with the debtor's bankruptcy case: the Chapter 7 trustee already has abandoned the Property, so it is no longer part of the bankruptcy estate and will not be liquidated for the benefit of unsecured creditors; and, the debtor's discharge will occur imminently. The purpose of the automatic stay is to "preserve what remains of the debtor's insolvent estate and to provide a systematic equitable liquidation procedure for all creditors." *In re Holtkamp*, 669 F.2d 505, 508 (7th Cir. 1982). The now-abandoned Property does not serve that purpose, and this is a no-asset case. Finally, the debtor will not be harmed by the Court granting the motion, nor will secured creditors be harmed, for the same reasons set out above.

### 2. The debtor's request to void the lien.

Debtor asserts that Ms. Atkins' judgment lien should be voided, as it impairs debtor's claimed $75,000 homestead exemption under Wis. Stat. § 815.20(1). Section 522(f)(1) of the Code provides that a debtor may "avoid the fixing of a lien on an interest of the debtor in property to the extent such lien impairs an exemption." Ms. Atkins responds, based on *In re Arnhoelter*, 431 B.R. 453, 454 (Bankr. E.D. Wis. 2010), that the debtor cannot claim any portion of her interest in the Property as exempt, because Ms. Bohland was not the title owner of the Property at the time the judgment was docketed.

The undisputed chronology bears out Ms. Atkins' argument. The state court judgment was docketed on September 27, 2018. Heavens Above LLC owned the Property until the LLC quit claimed the Property to debtor five

months later, on February 22, 2019.  For property to be exempted as homestead property, it must be "owned and occupied," by a resident of this State.  *In re Arnhoelter*, 431 B.R. at 454-55 (citations omitted).  If one of these conditions is not met at the time the judgment is docketed, it cannot be "cured" later by moving into the property, or obtaining a deed to it.  *See id.*, at 455.  Debtor Ms. Bohland was not the owner of the Property at the time the judgment was docketed.  Accordingly, the debtor's request to void the judgment lien is denied.

The Court will enter a separate order consistent with this decision.

Dated: June 17, 2019

By the Court:

Beth E. Hanan
United States Bankruptcy Judge